IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

TRIDENT E&P, LLC,

Plaintiff,

v.

HP, INC., and HPI FEDERAL, LLC,

Defendants.

**CIVIL ACTION: 22-3030**

## ORDER GRANTING MOTION TO TRANSFER VENUE

**AND NOW,** this 9th day of February, 2024, upon consideration of Defendants HP Inc. and HPI Federal, LLC (collectively "HP")'s Motion to Transfer Venue (ECF Nos. 10 and 29)[1], Plaintiff Trident E&P, LLC ("Trident")'s opposition thereto (ECF No. 16); and Defendants' reply brief (ECF No. 17), it is hereby **ORDERED** that Defendants' Motion to Transfer Venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. §1404(a)[2] is **GRANTED** for the reasons that follow**.**

1. The Partner Agreement between Trident and HP,[3]  entered on August 4, 2019, identified HP as the hardware supplier for Trident in its bid solicitation with the

---

[1] Defendants originally filed the Motion with alternative Motions to Dismiss or Strike the Complaint (Defs.' Mot., ECF 10-1). Pursuant to a Stipulated Order (ECF No. 27) entered by this Court on April 13, 2023, Defendants separated their previously combined motions for administrative convenience. Therefore, the order of this Court will only address the Motion to Transfer Venue refiled on April 17, 2023 (ECF No. 29). This Court will not address the merits of Defendants' motion for dismissal.

[2] Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

[3] Plaintiff Trident contends that the Partner Agreement does not apply to the present dispute and did not provide reference to nor a copy of the agreement in its Complaint. However, "[i]n deciding a § 1404(a) motion, a court is not limited to the pleadings, and may consider affidavits and other evidence." *Roller v. Red Payments L.L.C.*, No. 18-1834, 2019 WL 3802031, at *4 (E.D. Pa. Aug. 12, 2019) (citing, in part, *Atlantic Marine*, 571 U.S. at 61, n.4).

Defense Logistics Agency ("DLA") (ECF No. 10-2). The forum selection clause contained in the Partner Agreement states:

> Disputes arising in connection with this Agreement will be governed by the laws of California and locality in which we accept your order and the courts of California will have jurisdiction, except that we may, at our option, bring suit for collection in the country where you are located.

(ECF 10-2 at 10).

2. **The forum selection clause is valid and enforceable.** Forum selection clauses are "prima facie valid and should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances." *The Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972). A forum selection clause may be found "unreasonable" if the non-movant can make a "strong showing" that either: (1) the forum selected is "so gravely difficult and inconvenient that [they] will for all practical purposes be deprived of [their] day in court;" or (2) the *clause* was procured through "fraud or overreaching." *Foster v. Chesapeake Ins. Co.*, 933 F.2d 1207, 1219 (3d Cir. 1991).

3. "[T]he mere allegation of fraudulent conduct does not suspend operation of a forum-selection clause." *MoneyGram Payment Sys. v. Consorcio Oriental, S.A.*, 65 F. App'x 844, 847 (3d Cir. 2003).[4] Rather, the better inquiry is whether the inclusion of a forum selection clause in a contract was the product of fraud or coercion itself. *Id.* (*quoting The Bremen*, 407 U.S. at 12 n.14). Plaintiff's blanket allegation of fraudulent inducement in the Complaint fails to sufficiently demonstrate that the forum selection clause *itself* was the product of fraud or overreaching. *Id.* at 15. In the absence of any

---

[4] Plaintiffs do not argue that venue in the Northern District of California is so gravely difficult that it will deprive them of their day in court. (See ECF 16). Therefore, the Court is left solely to consider whether Plaintiff's have made a "strong showing" that the forum selection clause was procured through fraud or overreaching. *Foster*, 933 F.2d at 1219.

argument concerning the inconvenience of the Northern District of California for resolution of this dispute, or further evidence demonstrating Defendants' used fraud or bargaining power to include the venue provision within the Partner Agreement, Plaintiff has failed to make the requisite strong showing that the enforcement of the forum selection clause would be unreasonable in the circumstances. *See Foster*, 933 F.2d at 1219.

4. **The forum selection clause applies to the Parties' dispute.**[5] Here, the plain language of the Partner Agreement extends to "disputes arising *in connection* with [the Partner Agreement]." ECF 10-2 at 10 (emphasis added).[6] The Third Circuit has given forum selection clauses with "*relating to*" or similar language broad application. *See John Wyeth & Bro. Ltd. v. CIGNA Int'l Corp.,* 119 F.3d 1070, 1074 (3d Cir. 1997) (interpreting the phrase "arise[s] . . . in relation to" in a forum selection clause to mean "the origin of the dispute is related to" or has some "logical or causal connection" to that agreement) (citing Webster's Third New International Dictionary, 1916 (1971)); see also *Decoration Design Sols., Inc. v. Amcor Rigid Plastic USA, Inc*., No. 20- 2667, 2020 WL 6482696, at *4 (D.N.J. Nov. 4, 2020) (noting the phrase "related to" in a

---

[5] Plaintiff also argues that the forum selection clause should not apply to their suit because it is outside the scope of the Partner Agreement. (ECF 16 at 14-15). According to Plaintiff, the Partner Agreement only applies to the "*performance* of the government supply contract" and not the bidding process the plaintiff alleges their suit arises from. (*Id.* at 14) (emphasis in original). Defendants counter that the plain language of the forum selection clause "extends to all '[d]isputes arising in connection with' the Partner Agreement." (ECF no. 17 at 9). Defendants argue that the court should interpret this language broadly to include the bidding process. (*Id.*) *See also FedServ, LLC v. Hewlett-Packard Co.*, No. 1:12-CV-127 LO/JFA, 2012 WL 13027785 at *1 (E.D. Va. Mar. 23, 2012) (dealing with an identical forum selection clause to that at issue here and finding it valid and mandatory).

[6] A scope-based challenge to a forum selection clause is an exercise in contract interpretation and "depends on what the specific clause at issue says." *Reading Health System v. Bear Stearns & Co.*, a 900 F.3d 87, 98 (3d Cir. 2018) (internal quotations omitted). In *Reading*, the Court held that "'arising out of' in a forum-selection clause should be interpreted in accordance with the ordinary meaning of that phrase—i.e., to originate from a specified source. Interpreting a forum-selection clause in accordance with its plain meaning comports with well-established principles of interpretation." *Id.* at 99.

forum selection clause is "extremely broad" and merely requires "an association with or reference to the applicable subject") (citing Black's Law Dictionary 102 (11th ed. 2019)).

5. "[A] forum-selection clause . . . may be enforced by a motion to transfer under § 1404(a)." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 58-59 (2013). Where a forum selection clause applies to the parties' dispute, a venue transfer is appropriate regardless of whether the current forum is otherwise proper. *Id.* at 52.[7] Forum selection clauses are prima facie valid, and a party seeking to avoid enforcement of such a clause bears a "heavy burden of proof." *Carnival Cruise Lines, Inc. v. Shure*, 499 U.S. 585, 589, 595 (1991).

6. **Transfer to the Northern District of California is not against the public interest.** When a valid forum selection clause exists, as is the case here, a district court must consider only the public interest factors and deem the private interest factors to "weigh entirely in favor of the preselected forum." *Atlantic Marine*, 571 U.S. at 64. "Because those [public interest] factors will rarely defeat a transfer motion, the practical result is that forum-selection clauses should control except in unusual cases." *Id.* The burden is

---

[7] A plaintiff's choice of venue "should not be lightly disturbed." *Jumara v. State Farm Ins. Co*., 55 F.3d 873, 879 (3d Cir. 1995) (internal quotation and citation omitted). As such, the movant carries the burden of establishing the need for transfer under 28 U.S.C. § 1404(a). Ordinarily, a district court considering a § 1404(a) motion for transfer "must evaluate both the convenience of the parties and various public interest considerations." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 62 (2013). But the analysis changes in three important ways "when the parties' contract contains a valid forum-selection clause, which represents the parties' agreement as to the most proper forum." *Id*. at 63 (internal citation and quotation omitted). First, "the plaintiff's choice of forum merits no weight." *Id.* "Rather, as the party defying the forum-selection clause, the plaintiff bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id.* Second, a court must not consider the parties' private interests, and instead, must only consider public-interest factors. *Id.* at 64. Third, "when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules – a factor that in some circumstances may affect public-interest considerations." *Id.*

on the plaintiff to show that the public factors "overwhelmingly disfavor a transfer." *Id.* at 67.

7.  Courts have considered various public interests, including: "the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases." *Jumara*, 55 F.3d at 879-80 (cleaned up) (internal citations omitted).

8.  This Court finds no reason why the Parties would be unable to enforce a judgment and expeditiously access the justice system and without difficulty in the Northern District of California. Plaintiff has not raised any issue regarding the relative congestion of the court system in the Northern District of California nor has Plaintiff argued that any local interest in implicated in this case. The public interest factors in this matter are largely neutral and not "overwhelmingly" in favor of venue in the Eastern District of Pennsylvania as required to overcome the forum-selection clause. *See Bensalem Lodging Associates, LLC v. Holiday Hosp. Fran., LLC*, 575 F. Supp. 3d 532, 541-42 (E.D. Pa. 2021) (noting that factors where neither party makes an argument are neutral).

9.  **THEREFORE**, this matter shall be transferred to the United States District Court for the Northern District of California for resolution.

BY THE COURT:

_____

Hon. Judge Mia Perez